**Lauren HARRIS, Plaintiff-Appellant,**

v.

**UNITED STATES LIABILITY
INSURANCE COMPANY,
Defendant-Appellee.**

**No. 31, Docket 84-7339.**

United States Court of Appeals,
Second Circuit.

Argued Sept. 5, 1984.

Decided Oct. 12, 1984.

Ira M. Myers, New York City (Weg & Myers, P.C., New York City, of counsel), for defendant-appellee.

Anthony P. Colavita, Lynbrook, N.Y. (L'Abbate & Balkan, Lynbrook, N.Y., Gerard D. DeSantis, Lynbrook, N.Y., of counsel), for plaintiff-appellant.

Before FEINBERG, Chief Judge, and LUMBARD and NEWMAN, Circuit Judges.

LUMBARD, Circuit Judge:

Lauren Harris, a New York resident, brought suit against United States Liability Insurance Company ("Liability Insurance"), a Pennsylvania corporation, to recover the sum of $40,000 under an insurance policy issued by defendant-appellee. Judge Mishler, Eastern District of New York, dismissed Harris' complaint as barred by a limitations period contained in the policy of insurance. We reverse.

In her complaint, Harris alleges that, on or about October 25, 1982, she suffered the loss of her diamond and platinum ring. Shortly after this date, plaintiff-appellant reported the loss to Liability Insurance, which insured Harris' ring under a policy that provided, *inter alia*, that no suit on the policy could be brought after a period of one year from discovery of the loss. After the loss was reported, defendant-appellee proceeded to investigate the claim.

As part of its inquiry into the circumstances surrounding the loss of the ring, Liability Insurance requested that Harris and her husband produce federal and state income tax returns for the year in which the ring was bought, as well as for three

other specified years. Harris objected to this request and, in March 1983, brought an action in the Supreme Court, Nassau County, seeking, *inter alia,* a declaratory judgment that she had cooperated with the insurance company in its investigation of her claim and that the demands for production of her personal tax returns were improper. The complaint further requested a temporary restraining order and preliminary injunction to enjoin Liability Insurance from declaring Harris in breach of the terms of the insurance policy. It also demanded "such other, different and further relief and declaration of the rights and legal relations of the parties as to the Court may seem necessary and proper."

The state court granted the temporary restraining order but, prior to a hearing on the preliminary injunction motion, Liability Insurance removed the original action to the district court. The defendant agreed to continue the temporary restraining order so that Harris was not required to produce the demanded tax returns prior to resolution of the issues.

On November 18, 1983, more than one year after Harris allegedly discovered the ring's loss, Judge Mishler dismissed the plaintiff's action. The district court's decision was premised on its determination that Liability Insurance had not disclaimed liability under the policy and, consequently, no real conflict had yet materialized between the parties: "In this case plaintiff does not present a sufficiently justiciable controversy. Therefore, her action for declaratory judgment must be dismissed." No appeal was taken from this determination.

Shortly thereafter, however, Harris, through her attorney, provided Liability Insurance with the tax returns and demanded immediate payment of $40,000. On December 1, 1983, counsel for Liability Insurance notified Harris' attorney that the insurance company intended to decline coverage on the ground that Harris had failed to bring suit on the policy within one year of discovery of the ring's loss. The insurance policy provided, in pertinent part:

11. *Suit.* No suit, action or proceeding for the recovery of any claim under this policy shall be sustainable in any court of law or equity unless the same be commenced within twelve (12) months next after discovery by the Insured of the occurrence which gives rise to the claim . . . .

On December 27, 1983, less than one month after entry of the judgment dismissing her original complaint, Harris commenced the present action for recovery under the terms of the insurance policy. On March 13, 1984, Judge Mishler dismissed Harris' complaint as barred by the limitations period in the policy of insurance. The parties are agreed that New York law governs.

The district court rejected Harris' argument that, under N.Y.Civ.Prac.Law § 205(a) (McKinney Supp.1982–1983), her present action was timely commenced. Section 205(a) provides, in pertinent part:

New action by plaintiff. If an action is timely commenced and is terminated in any other manner than by a voluntary discontinuance, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits, the plaintiff . . . may commence a new action upon the same transaction or occurrence or series of transactions or occurrences within six months after the termination provided that the new action would have been timely commenced at the time of commencement of the prior action.

Judge Mishler ruled that this section was inapplicable because the second suit involved a different cause of action than that of the first. We disagree.

By the plain wording of § 205(a), the New York statute, when otherwise applicable, is to be invoked, not only when a second suit precisely tracks the cause of action alleged in a first, but also when a new action is commenced within six months of a prior action "upon the same transaction or occurrence or series of transactions or occurrences." N.Y.Civ.Prac.Law § 205(a) (McKinney Supp.1982–1983). Indeed, in 1978, the New York State legislature amended § 205(a) by substituting this

language for a prior wording that did require suit upon the same cause of action to trigger the saving benefits of the statutory provision. This revision reconciled the statutory language with a longstanding body of New York case law holding that § 205(a) and its predecessors are not limited to invocation in instances in which a plaintiff's second suit is based upon an identical cause of action. *See, e.g., Titus v. Poole,* 145 N.Y. 414, 423, 40 N.E. 228, 230 (1895). *See also* N.Y.Civ.Prac.Law § 205(a) supplementary practice commentaries (McKinney Supp. 1982–1983) (Suit on Same Cause of Action). Preliminarily, then, § 205(a) is not inapplicable to the present case simply because Harris' second suit asserted a different cause of action than the first, if both suits arose out of the same occurrences associated with the loss of her diamond and platinum ring.

Liability Insurance contends that Harris is nonetheless barred from invoking the saving benefits of § 205(a), as a suit on the insurance policy is *not* an action upon the same series of transactions or occurrences associated with Harris' declaratory judgment claim. As assumed at the time, however, a declaratory judgment that Harris had fully cooperated with the insurance company in its investigation of her claim would have constituted removal of the last obstacle to Harris' right to monies under the insurance policy. Her original complaint, though formally an action for declaratory judgment, demanded "such other different and further relief" as the court might deem proper. Indeed, if Harris had secured a ruling in her favor on the issue of her compliance with the terms of the insurance policy, she would arguably have been able to amend her claim for relief to include a demand for the insurance proceeds. Harris' present suit, then, is actually a renewed suit for the $40,000 that she had been claiming since the filing of her

original action in March 1983. The provisions of § 205(a) permit this second suit, which remedies the insufficient concreteness of controversy that led to dismissal, without judgment on the merits, of Harris' prior action.[1]

Invocation of § 205(a) in the present circumstances comports well with the underlying philosophy of the New York rule, which seeks to avoid the barring of recovery, due to a limitations period, where a court has dismissed a timely action for some technical defect that can be avoided in a new suit. *Graziano v. Pennell,* 371 F.2d 761, 763 (2d Cir.1967). In applying the statute, New York courts are properly concerned, not with the "technicalities of the form of relief originally requested," but with whether the defending party was fairly notified of the subject of the dispute within the limitations period. *See* 1 J. Weinstein, H. Korn, & A. Miller, *New York Civil Practice* ¶ 205.04 (1984). Here, Liability Insurance was certainly made aware of Harris' intention to demand payment under the policy by the bringing of her initial suit. Harris' interest in whether she was required to turn over her tax returns in order to comply with the terms of her insurance policy was clearly not abstract. She sought declaratory judgment as preliminary to a $40,000 recovery on the policy itself. The bringing of Harris' first suit thus fulfilled the underlying purpose of the limitations provision in the insurance policy by notifying Liability Insurance of the pendency of Harris' claim well within the one-year limitations period.

Harris commenced the present action on the insurance policy within one month of the termination of her earlier action for insufficient concreteness of controversy, a defect that the present suit corrects. We conclude that § 205(a) is applicable to this action and that Harris' second suit, brought within six months of the dismissal

---

**1.** Liability Insurance also contends that § 205(a) is inapplicable by virtue of the fact that Harris' declaratory judgment action did, in fact, end in a final judgment. We find this argument to be without merit. Judge Mishler expressly stated that his dismissal was predicated on the absence of a concrete controversy "[a]t this juncture" of the litigation. The insufficient showing of a concrete controversy in plaintiff-appellant's original complaint could be, and was remedied in a later suit.

of her first action, was timely commenced. Our decision renders unnecessary any consideration of plaintiff-appellant's claim that Liability Insurance is estopped from asserting a limitations defense.

Reversed and remanded.