■ Ruth M. Dyer et al., Appellants, v William Cahan et al., Respondents.—Order, Supreme Court, New York County (Ira Gammerman, J.), entered August 31, 1988, which granted the motion of defendant Alvin Freiman, M.D. and the cross motion of defendants William Cahan, M.D., Oscar E. Del Valle, M.D. and Memorial Hospital to dismiss the action, pursuant to CPLR 3211 (a) (5), on the ground that it is barred by the Statute of Limitations, unanimously reversed, on the law, the motion and cross motion denied and the complaint reinstated, without costs.

A wrongful death action, timely brought by plaintiff against defendants in Federal court, was terminated by an order (Charles L. Brieant, J.), dated May 30, 1985, which stated that "[t]he action is dismissed without prejudice for want of subject matter jurisdiction absent complete diversity, and also for neglect to prosecute and failure to comply with a scheduling order." Thereafter, plaintiff commenced the instant action in July 1985.

CPLR 205 (a) provides in essence that if an action is timely commenced and is terminated in any other manner than by a voluntary discontinuance, a dismissal for neglect to prosecute or a final judgment on the merits, the plaintiff may commence a new action upon the same transaction or occurrences within six months after the termination.

In granting defendants' cross motions to dismiss, the court below concluded that it was bound by Judge Brieant's order, including the dismissal for failure to prosecute, and that plaintiff's remedy was to seek relief from Judge Brieant or appeal the order in Federal court.

However, it has been held that where subject matter jurisdiction is lacking, an action must be dismissed and "[w]here the Court does not have subject matter jurisdiction, it should refrain from any further exercise of power." *(Myers v Long Is. Light. Co.,* 623 F Supp 1076, 1080.) Likewise, "[a] court without jurisdiction has no power to adjudicate but can only dismiss the proceeding for lack of jurisdiction." *(Panhandle E. Pipe Line Co. v Federal Power Commn.,* 343 F2d 905, 908.) Since Judge Brieant's dismissal was "without prejudice", it is apparent that he did not intend to preclude plaintiff from the benefit of CPLR 205 (a) *(see, Jones v Brown,* 70 AD2d 897; *see also, George v Mt. Sinai Hosp.,* 47 NY2d 170, 180-181) and, in light of the broad and liberal purpose for which CPLR 205 (a) was intended, defendants' cross motions should be denied. Concur—Murphy, P. J., Kupferman, Carro, Ellerin and Wallach, JJ.