**Edward J. DIFFLEY, and Ann M. Diffley, Plaintiffs–Appellants,**

v.

**ALLIED–SIGNAL, INC., Defendant–Appellee.**

**No. 1430, Docket 90–7559.**

United States Court of Appeals, Second Circuit.

Argued Nov. 2, 1990.

Decided Dec. 7, 1990.

Paul A. Levine, Albany (Buckley & Mendelson, of counsel), for plaintiffs-appellants.

William F. Ryan, Jr., Albany (Tabner & Laudato, of counsel), for defendant-appellee.

Before NEWMAN and PRATT, Circuit Judges, and GRIESA, District Judge for the Southern District of New York, sitting by designation.

PRATT, Circuit Judge.

Edward and Ann Diffley appeal from a judgment of the United States District Court for the Northern District of New York, Con. G. Cholakis, *Judge*, dismissing their complaint as time-barred. The district court held that § 205(a) of the New York Civil Practice Law and Rules could not be applied to extend the time for refiling their asbestos personal injury action where subject matter jurisdiction was lacking in the original suit. We disagree.

## BACKGROUND

Edward Diffley worked from 1957 to 1964 as a brake grinder; he reconditioned automobile brake and clutch shoes. In 1982, he was diagnosed with asbestosis. He now claims that his condition was caused by his inhalation of asbestos fibers from the linings of those brakes and clutches, which were manufactured by Bendix Corporation and Borg Warner Corporation.

In July 1986 New York enacted its Toxic Tort Revival Statute to revive five types of toxic tort actions, including asbestosis claims, for a period of one year. 1986 N.Y.Laws ch. 682, § 4 (McKinney). On July 15, 1987, two weeks before the one-year "window" closed on the revival statute, the Diffleys, citizens of New York, commenced a timely action against Bendix and Borg Warner Corporation, Delaware corporations, in federal district court in New York, alleging diversity jurisdiction. Two years earlier, however, and apparently unbeknownst to the Diffleys, Bendix had been merged into Allied Corporation, a New York corporation. In September of 1987, six weeks after the "window" closed, and two months after the Diffleys brought suit, Allied Corporation merged into Allied–Signal Incorporated, a Delaware corporation.

Borg Warner then impleaded Allied–Signal; the Diffleys sought to amend their complaint under 15(c) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1653 to redesignate Bendix, a party-defendant, as Allied–Signal; and Allied–Signal as the third party defendant moved to dismiss the Diffleys' action for lack of subject matter jurisdiction due to the absence of diversity between the plaintiffs and Allied Corporation. In March of 1990, the district court denied the Diffleys' requests for leave to amend the complaint, reasoning that since both the Diffleys and Allied were New

York residents at the time the action was commenced, diversity jurisdiction did not exist, and that an amendment to the complaint cannot be used to create jurisdiction retroactively. Accordingly, the court dismissed the suit for lack of diversity jurisdiction. The Diffleys did not appeal.

Instead, that same month, the Diffleys filed a new action naming Allied–Signal, Bendix's successor-in-interest; they relied on § 205(a) of the New York Civil Practice Law and Rules to extend the statute of limitations for six months from the date of dismissal of the original action. Granting Allied–Signal's motion to dismiss, the district court held that § 205(a) could not be applied because there had been no subject matter jurisdiction over the Diffleys' original suit, and that the action against Allied–Signal was therefore time-barred. The court dismissed their action with prejudice and with costs.

## DISCUSSION

The Diffleys contend on appeal that their complaint against Allied–Signal was timely brought under § 205(a). Because § 205(a) is a state statute of limitations which we are bound to apply in a diversity case, because we conclude that New York courts would invoke § 205(a) to extend the one-year "window" for revived claims in this case, and because the complaint meets the requirements of § 205(a), we agree with the Diffleys' contention and reverse the judgment of dismissal.

### A. *Section 205(a) Applies.*

 It is undisputed that this action presents a claim under New York tort law and was brought in federal court based on the parties' diversity of citizenship. In diversity cases, "state statutes of limitations govern the timeliness of state law claims", and state law "determines the related questions of what events serve to commence an action and to toll the statute of limitations". *Personis v. Oiler*, 889 F.2d 424, 426 (2d Cir.1989); *see Walker v. Armco Steel Corp.*, 446 U.S. 740, 751–52, 100 S.Ct. 1978, 1983, 64 L.Ed.2d 659 (1980); *Guaran-*

*ty Trust Co. v. York*, 326 U.S. 99, 110, 65 S.Ct. 1464, 1470, 89 L.Ed. 2079 (1945).

Section 205(a) provides:

If an action is timely commenced and is terminated in any other manner than by a voluntary discontinuance, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits, the plaintiff * * * may commence a new action upon the same transaction * * * within six months after the termination provided that the new action would have been timely commenced at the time of commencement of the prior action.

N.Y.Civ.Prac.Law § 205(a) (McKinney 1990).

Allied–Signal contends, somewhat obscurely, that we ought not apply this section in this case. It argues first, that because lack of subject matter jurisdiction was a fundamental defect in the original action against Bendix and under federal law the defect in that action could not be cured by amendment of the complaint, the claim should not be saved under state law by application of § 205(a). To apply § 205(a) in these circumstances, it concludes, would conflict with federal amendment procedures, Fed.R.Civ.P. 15; 28 U.S.C. § 1653, and would wrongly expand the court's diversity jurisdiction over the first action.

Allied–Signal's argument misses the point. Its "relation back" argument is based on federal doctrine that is not found in New York law, despite Allied–Signal's attempt to import it. Section 205(a) neither confers jurisdiction over the Bendix action nor "relates back" to that action to cure any other defect. It merely allows the plaintiffs an additional six months in which to bring another action based on the same occurrences, after their timely initial complaint was dismissed for procedural defects. N.Y.Civ.Prac.Law § 205; *see Harris v. United States Liability Ins. Co.*, 746 F.2d 152, 154 (2d Cir.1984).

Thus, application of § 205(a) to the Diffleys' action against Allied–Signal neither affects nor circumvents the dismissal of the prior action; it creates no "retroactive"

diversity jurisdiction in the prior action; it does not conflict with federal procedure; and it does not expand the district court's jurisdiction. Instead, § 205(a) merely extends the period for filing a claim, and if New York's courts would apply it to this case, then we also are bound to apply it. *Harris*, 746 F.2d at 153 (applying § 205(a) in a diversity case); *see Personis*, 889 F.2d at 426.

■ Lack of subject matter jurisdiction over the initial action does not preclude application of § 205(a) to a new action. From the time of the adoption of the original saving statute, there was "no intent to exclude from the benefit [of § 205(a)] a litigant whose action had been dismissed for lack of jurisdiction." *Gaines v. City of New York*, 215 N.Y. 533, 539, 109 N.E. 594, 595 (1915). It is well settled in New York that dismissal of an action for lack of subject matter jurisdiction may be one of the bases for invoking § 205(a). *Id.; see, e.g., Dyer v. Cahan*, 150 A.D.2d 172, 173, 540 N.Y.S.2d 785, 785–86 (1st Dept.1989).

■ Allied–Signal advances another statutory argument: that under New York law § 205(a) cannot be applied to extend the statute of limitations for claims brought, as this one is, under the Toxic Tort Revival Statute. 1986 N.Y.Laws ch. 682, § 4.

The Toxic Tort Revival Statute provides that

> every action for personal injury * * * caused by the latent effects of exposure to * * * asbestos * * * which is barred as of the effective date of this act [July 30, 1986] * * * is hereby revived and an action thereon may be commenced provided such action is commenced within one year from the effective date of this act [*i.e.*, by July 30, 1987].

*Id.* Allied–Signal argues that because the revival is granted only to actions commenced by July 30, 1987, § 205(a) cannot further extend that express limitation so as to allow this action to be commenced in March 1990. This simply overlooks the purpose and context of the revival statute.

The Toxic Tort Revival Statute created a new limitations period for time-barred claims based on toxic torts. When the revival statute was enacted, § 205(a) had long been part of New York's scheme for tolling statutes of limitations, so the legislature was aware that by the terms of § 205(a) any revived causes of action that were dismissed for non-substantive reasons would be extended, like all other civil actions, for an additional six months. Had the legislature intended § 205(a) to have no impact on the revival statute, it could easily have so provided.

Considering the remedial nature of both the toxic tort statute and of § 205(a), *Harris*, 746 F.2d at 154, it seems clear that New York courts would invoke § 205(a) to save an action timely commenced against a predecessor-in-interest under the Toxic Tort Revival Statute. The district court therefore erred in dismissing the action against Allied–Signal as time-barred simply because by the calendar, the date of July 30, 1987, had passed. That circumstance did not, in this case, result in the present action being brought "outside the statutory window [of the Toxic Tort Revival Statute] permitting such an action." Joint App. 136.

Allied–Signal finally argues that the Diffleys' claim was time-barred by the expiration of the three-year limitations period for torts based on exposure to toxic substances, a period that is to be computed from the date of discovery of the injury. N.Y.Civ.Prac.Law § 214–c (McKinney 1990). This argument is specious. Section 214–c(2) was adopted by Chapter 682 of the Laws of 1986. It changed drastically New York's approach to time limitations on toxic tort actions from using a date-of-injury rule for accrual, to a date-of-discovery rule. Simultaneously, and even in § 4 of the same bill, the Toxic Tort Revival Statute was adopted in order to revive for one year certain causes of action, including injury due to exposure to asbestos, that had been barred under the old rule. The intent and effect of the revival statute, therefore, was to guarantee a forum for at least one year to previously time-barred plaintiffs who by then had discovered their injuries. *Id.* (historical note).

 

In short, we conclude that New York courts would reject Allied–Signal's argument that the Toxic Tort Revival Statute precludes any further extension of the limitations period under § 205(a) in this case. We therefore must determine whether that section saves the Diffley's cause of action.

B. *Section 205(a) Saves This Action.*

The Diffleys' action fits squarely into the requirements of § 205(a), quoted above.

First, the Diffleys' initial action against Bendix was timely commenced. It was brought on July 15, 1987, within the "window" provided by the Toxic Tort Revival Statute.

Second, the termination of the Bendix action did not fall within any of the express exclusions from application of § 205(a). It was dismissed for lack of subject matter jurisdiction, and not by "voluntary discontinuance", for "neglect to prosecute", nor by a "final judgment upon the merits". N.Y.Civ.Prac.Law § 205(a).

Third, the cause of action against Allied–Signal arose out of the same series of occurrences as those alleged in the initial claim against Bendix.

Fourth, this action was brought on March 21, 1990, just seven days after dismissal of the initial suit, and therefore well within the six-month extension provided by § 205(a).

Finally, Allied–Signal does not contest that its notice of the claim was adequate, nor could it. Despite becoming the successor-in-interest to Bendix through Allied only after the initial action was commenced, Allied–Signal submitted the dismissal motion in the Bendix action, demonstrating that even then it was adequately apprised of the Diffleys' claims.

## CONCLUSION

We hold that we are bound to apply § 205(a), a state statute of limitations, to this action against Allied–Signal; that the action was timely commenced under

§ 205(a); and that the district court erred in dismissing the action as time-barred.

Reversed and remanded.