■ SARA CENSOR, Individually and as Administratrix of the

Estate of WILLY CENSOR, Also Known as WILLIE CENSOR, Deceased, et al., Respondents, v MEAD REINSURANCE CORPORATION, Appellant, et al., Defendants. (And a Third-Party Action.)—Order, Supreme Court, New York County (Carmen Beauchamp Ciparick, J.), entered April 4, 1991, which, *inter alia*, granted plaintiff's motion to strike defendant's tenth affirmative defense alleging that the action is barred by the statute of limitations, unanimously affirmed, without costs.

At issue on this appeal is whether plaintiff is barred from taking advantage of the six month tolling provisions of CPLR 205 (a) by virtue of having moved and successfully obtained a voluntary dismissal of a prior action in the Federal court pursuant to rule 41 (a) (2) of the Federal Rules of Civil Procedure, without prejudice to a State action. Plaintiff moved to dismiss her Federal action because the joinder of the additional party she deemed necessary would have destroyed the basis of the Federal court's diversity jurisdiction. The motion was not opposed by the defendant who only sought sanctions. Defendant argues, unpersuasively, that a voluntary dismissal under Federal rule 41 (a) (2) is equivalent to a voluntary discontinuance under CPLR 205 (a), which provides in relevant part, "If an action is timely commenced and is terminated in any other manner than by voluntary discontinuance * * * the plaintiff * * * may commence a new action upon the same transaction or occurrence * * * within six months after the termination provided that the new action would have been timely commenced at the time of commencement of the prior action."

Dismissal of an action pursuant to Federal rule 41 (a) (2) is not automatic, but is addressed to the discretion of the District Court. *(See, Federal Sav. & Loan Ins. Corp. v Reeves,* 148 F2d 731.) A similar provision under the State rules, CPLR 3217 (b), has been interpreted as affording plaintiffs an opportunity to take advantage of the saving provisions of CPLR 205 (a), whereas a discontinuance without court order pursuant to CPLR 3217 (a) does not. *(See,* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3217:13). As we held in *Dyer v Cahan* (150 AD2d 172, 173), where a prior Federal wrongful death action was terminated without prejudice by court order for lack of Federal diversity jurisdiction, notwithstanding that the order also recited that the dismissal was for neglect to prosecute and failure to comply with a scheduling order, an extension was available "in light of the broad and liberal purpose for which CPLR 205 (a) was intended". We have reviewed the additional arguments urged by

defendant and find them unpersuasive. Concur—Murphy, P. J., Milonas, Ellerin, Kassal and Smith, JJ.