11-709-pr
Harrison v. Lutheran Med. Ctr.

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 14th day of March, two thousand twelve.

Present:
> DEBRA ANN LIVINGSTON,
> RAYMOND J. LOHIER, JR.,
> > *Circuit Judges*,
> JED S. RAKOFF,
> > *District Judge.*[*]

_____

WILLIAM HENRY HARRISON,

> *Plaintiff-Appellant*,

> v.                    No. 11-709-pr

LUTHERAN MEDICAL CENTER, BROOKLYN, NEW YORK; GARRICK VOLPIN, DOCTOR, PSYCHIATRIST; D. BRIZER, DOCTOR, PSYCHIATRIST; F. DRON, DOCTOR, PSYCHIATRIST; DOCTOR GLOVER, B.O.P. DOCTOR; JOAN MELL, NURSE; FALSETTO, NURSE; VERONICA GUILLERMO, NURSE; FURMAN, NURSE; LORRAINE M. (CAN'T MAKE OUT LAST NAME); LAUREN MACHIN, CWS ASSISTANT VICE PRESIDENT, BEHAVIOR AND ADMINISTRATOR; 10 UNKNOWN SECURITY GUARDS, UNKNOWN SECURITY COMPANY; DIRECTOR/ADMINISTRATOR OF LUTHERAN MEDICAL CENTER; CHIEF EXECUTIVE OFFICER OF UNKNOWN SECURITY COMPANY; UNITED STATES; FEDERAL BUREAU OF PRISONS; AITO/ARTO BUTERN, NURSE,

> *Defendants-Appellees*,

_____

[*] The Honorable Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

1

NEW YORK CITY HEALTH AND HOSPITAL CORPORATION; DIRECTOR OF NEW YORK CITY HEALTH AND HOSPITALS CORPORATION,

*Defendants*.

_____

For Plaintiff-Appellant: WILLIAM HENRY HARRISON, *pro se*, Richmond, Va.

For Defendants-Appellees Doctor Glover, B.O.P. Doctor; United States of America; and Federal Bureau of Prisons:

SCOTT R. LANDAU, Assistant United States Attorney (Varuni Nelson, Assistant United States Attorney, *on the brief*), *for* Loretta E. Lynch, United States Attorney, Eastern District of New York, Brooklyn, N.Y.

For Defendants-Appellees Lutheran Medical Center; Garrick Volpin, Doctor, Psychiatrist; D. Brizer, Doctor, Psychiatrist; F. Dron, Doctor, Psychiatrist; Joan Mell, Nurse; Falsetto, Nurse; Veronica Guillermo, Nurse; Furman, Nurse; Lorraine M. (can't make out last name); Lauren Machin, CWS Assistant Vice President, Behavior and Administrator; and Director/Administrator of Lutheran Medical Center:

ELLIOT ZUCKER, Aaronson Rappaport Feinstein & Deutsch, LLP, New York, N.Y.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Amon, *C.J.*).

**UPON DUE CONSIDERATION**, it is hereby **ORDERED, ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant William Henry Harrison, proceeding *pro se*, appeals from a judgment of the United States District Court for the Eastern District of New York (Amon, *C.J.*) granting the Defendants-Appellees' motions to dismiss his claims, which are premised on *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), 42 U.S.C. §§ 1983, 1985 and 1986, the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671 *et seq.*, and New York

2

state law. On appeal, Harrison does not challenge the district court's decision to dismiss as time-barred his FTCA claim and his state law claims other than medical malpractice. As to the remaining claims, we assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Harrison first argues that the district court's dismissal of his § 1983 claim on the basis of collateral estoppel was error. We review *de novo* a district court's application of the principles of claim and issue preclusion. *See Bank of N.Y. v. First Millennium, Inc.*, 607 F.3d 905, 919 (2d Cir. 2010). "Under federal law, collateral estoppel applies when (1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the party had a full and fair opportunity to relitigate the issue; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits." *Purdy v. Zeldes*, 337 F.3d 253, 258 (2d Cir. 2003) (internal quotation marks omitted).

In this case, Harrison is precluded from relitigating the issue of whether he was incompetent, and therefore entitled to delayed accrual or equitable tolling of the statute of limitations, until an Article III judge found him competent to stand trial as a criminal defendant on April 16, 2002. He presented this same argument to the United States District Court for the Eastern District of North Carolina. *See Harrison v. Herbel*, No. 5:05-ct-550, slip op. at 6 (E.D.N.C. July 17, 2007). That court found that Harrison "had the mental competence to manage his own affairs, such that he would not be considered incompetent under North Carolina law, no later than January 22, 2002," when the director of the facility at which Harrison was hospitalized certified based on a mental health evaluation that Harrison was competent to stand trial, *id.* at 7; or, in the alternative, that Harrison was no longer incompetent under North Carolina law no later than March 6, 2002, when a federal magistrate judge entered an order finding Harrison competent to stand trial, *id.* at 8. The Fourth

3

Circuit "affirm[ed] for the reasons stated by the district court." *Harrison v. Herbel*, 281 F. App'x 236 (4th Cir. 2008) (unpublished decision). Harrison is therefore precluded from arguing that he was insufficiently competent to "manage his own affairs" any later than March 6, 2002.[1]

Under federal law, both Harrison's § 1983 claim and his *Bivens* claim accrued when he was "able to comprehend the nature" of his detention. *Ormiston v. Nelson*, 117 F.3d 69, 72 (2d Cir. 1997). And under New York law, Harrison is entitled to tolling for any period during which he was "unable to manage his business affairs and estate and to comprehend and protect his own legal rights and liabilities because of an overall inability to function in society." *Yannon v. RCA Corp.*, 517 N.Y.S.2d 205, 206 (2d Dep't 1987); *see also Pearl v. City of Long Beach*, 296 F.3d 76, 80 (2d Cir. 2002) (holding that state tolling rules apply to § 1983 actions). Because the Eastern District of North Carolina concluded that Harrison was capable of managing his own affairs at least as early as March 6, 2002, and because he accordingly must have been able to comprehend the nature of his detention by that date, his § 1983 and *Bivens* claims accrued or stopped tolling more than three years before he filed this suit on April 12, 2005.

Harrison argues that his § 1983, *Bivens*, and state law medical malpractice claims[2] are nonetheless subject to tolling under New York Civil Practice Law and Rules § 205(a). We disagree. Although Harrison filed his claims within the applicable statutes of limitations in the United States

---

[1] Indeed, Harrison is collaterally estopped from disputing the Eastern District of North Carolina's alternative conclusion that he was competent as of January 22, 2002. "In this Circuit, each of two alternative, independent grounds for a prior holding is given effect for collateral estoppel purposes." *Purdy*, 337 F.3d at 258 n.6 (citing *Gelb v. Royal Globe Ins. Co.*, 798 F.2d 38, 45 (2d Cir. 1986)).

[2] The statute of limitations for Harrison's state law medical malpractice claims is two-and-one-half years. *See* N.Y. C.P.L.R. § 214-a. Accordingly, even if Harrison's incompetence had prevented the statute of limitations from running until April 16, 2002, as Harrison claims, his filing of this action on April 12, 2005, was outside the statute of limitations.

District Court for the District of Columbia against some of the same defendants as in this case, that suit was dismissed for lack of personal jurisdiction over those defendants, *see Harrison v. Lappin*, No. 04-0681, 2005 WL 752189, at \*3–4 & n.4 (D.D.C. Mar. 31, 2005), and § 205(a) does not allow tolling based on a prior suit that was terminated due to "a failure to obtain personal jurisdiction over the defendant," N.Y. C.P.L.R. § 205(a). With respect to the other defendants who were not parties to the District of Columbia action, § 205(a) is entirely inapplicable. *See Harris v. U.S. Liability Ins. Co.*, 746 F.2d 152, 154 (2d Cir. 1984) ("In applying [§ 205(a)], New York courts are properly concerned . . . with whether the defending party was fairly notified of the subject of the dispute within the limitations period.").

For the foregoing reasons, the district court properly dismissed Harrison's § 1983 claim as barred by the three-year statute of limitations, *see* N.Y. C.P.L.R. § 214(5); *Owens v. Okure*, 488 U.S. 235, 251 (1989); *Pearl*, 296 F.3d at 79, and properly dismissed Harrison's state law medical malpractice claim as barred by the two-and-one-half-year statute of limitations, *see* N.Y. C.P.L.R. § 214-a. Harrison's *Bivens* claim is time-barred for the same reasons as his § 1983 claim. *See Chin v. Bowen*, 833 F.2d 21, 23–24 (2d Cir. 1987).[3]

Harrison further argues that the district court erred by dismissing the claims he asserts under 42 U.S.C. §§ 1985 and 1986. We review *de novo* a district court's decision dismissing a complaint pursuant to Rule 12(b)(1) or 12(b)(6) of the Federal Rules of Civil Procedure. *See Jaghory v. N.Y. State Dep't of Educ.*, 131 F.3d 326, 329 (2d Cir. 1997). To survive a Rule 12(b)(6) motion to dismiss, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct.

---

[3] Because Harrison's *Bivens* claim is time-barred, we need not decide whether Harrison's complaint alleged sufficient personal involvement on the part of Doctor Glover to state a claim that is plausible on its face.

1937, 1949 (2009). To make out a claim under § 1985(3), a plaintiff must allege a conspiracy "motivated by some racial, or perhaps otherwise class-based, invidiously discriminatory animus." *United Bd. of Carpenters & Joiners v. Scott*, 463 U.S. 825, 828–29 (1983) (internal quotation mark omitted). Harrison's complaint, construed broadly, does not allege any facts indicating such a motive. His § 1985 claim must therefore be dismissed, and, accordingly, his § 1986 claim as well. *See Graham v. Henderson*, 89 F.3d 75, 82 (2d Cir. 1996) ("[A] § 1986 claim is contingent on a valid § 1985 claim.").

We have considered all of Harrison's remaining arguments and found them to be without merit. Accordingly, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk