Raji v SG Ams. Sec., LLC (2020 NY Slip Op 07475)





Raji v SG Ams. Sec., LLC


2020 NY Slip Op 07475


Decided on December 10, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 10, 2020

Before: Friedman, J.P., Kapnick, Webber, Kern, Singh, JJ. 


Index No. 154174/19 Appeal No. 12583 Case No. 2020-02800 

[*1]Mourad Raji, Plaintiff-Appellant,
v
SG Americas Securities, LLC, et al., Defendants-Respondents.


Law Office of Carlos M. Carvajal, New York (Carlos M. Carvajal of counsel), for appellant.
Kramer Levin Naftalis & Frankel LLP, New York (Kevin B. Leblang of counsel), for respondents.



Order, Supreme Court, New York County (Kathryn E. Freed, J.), entered January 8, 2020, which granted defendants' CPLR 3211(a) motion to dismiss the complaint, unanimously modified, on the law, to deny the motion as against defendants SG Americas Securities, LLC and Thomas Jacquot, and to reinstate those claims, and otherwise affirmed, without costs.
Plaintiff's prior federal action, in which he asserted timely claims under the New York State and City Human Rights Laws, was terminated by court order (see Fed Rules Civ Pro rule 41 [a][2]). The prior action was thus not terminated by a voluntary discontinuance. As such, CPLR 205(a)'s saving provisions apply to render the instant complaint timely (see Extebank v Finkelstein , 188 AD2d 513, 513 [2d Dept 1992]; Censor v Mead Reinsurance Corp. , 176 AD2d 600, 601 [1st Dept 1991]).
CPLR 205(a) cannot apply to render plaintiff's claims against defendant SG Americas Securities, Inc. (SG Inc.) timely, however, since SG Inc. was not a party to the federal action. Indeed, the complaint in the prior action "fails to even mention" SG Inc. (see Caplan v Winslett , 218 AD2d 148, 153-154 [1st Dept 1996]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 10, 2020