Adams v Pilarte (2022 NY Slip Op 02615)

Adams v Pilarte

2022 NY Slip Op 02615

Decided on April 21, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 21, 2022

Before: Renwick, J.P., Kapnick, Mazzarelli, Shulman, Pitt, JJ. 

Index No. 310425/11E Appeal No. 15753 Case No. 2021-01809 

[*1]Sarah Adams, an Incapacitated Person by her Legal Guardian, Yanixa Rosado et al., Plaintiffs-Respondents,
v
Juan J. Pilarte, M.D., Defendant, The Bronx Lebanon Hospital Center, Defendant-Appellant, Montefiore Medical Center, Defendant-Respondent.

Aaronson Rappaport Feinstein & Deutsch, LLP, New York (Elliott J. Zucker of counsel), for appellant.
Rheingold Giuffra Ruffo & Plotkin LLP, New York (Jeremy A. Hellman of counsel), for Sarah Adams and Yanixa Rosado, respondents.
Wilson, Elser, Moskowitz, Edelman & Dicker LLP, White Plains (Milan P. Spisek of counsel), for Montefiore Medical Center, respondent.

Order, Supreme Court, Bronx County (John R. Higgitt, J.), entered October 27, 2020, which granted defendant Montefiore Medical Center's motion to dismiss the complaint as against it for lack of subject matter jurisdiction, unanimously affirmed, without costs.
Plaintiffs' claims against Montefiore are governed by the Federal Tort Claims Act (FTCA) (28 USC § 1346[b][1]; see Osborn v Haley, 549 US 225, 243 [2007]). Federal courts have exclusive jurisdiction over claims brought under the FTCA, and this action had previously been removed to federal court under 28 USC § 2679(d)(2). Thus, the motion court properly dismissed the action against Montefiore under CPLR 3211(a)(2) and (5), as it had no power to issue any further orders without subject matter jurisdiction (see Darlene W. v Montefiore Med. Ctr., 180 AD3d 602, 602 [1st Dept 2020]; Dyer v Cahan, 150 AD2d 172, 173 [1st Dept 1989]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 21, 2022