*158 OPINION OF THE COURT
Arnold Guy Fraiman, J.
Motion by plaintiff for reargument and renewal of the prior oral decision of this court, dictated from the Bench on October 27, 1982, is granted and upon reargument and renewal, the decision is recalled and the order of the court dated December 7, 1982 and the judgment entered on January 6, 1983 are vacated and set aside; the motion of third-party defendant Merck & Co., Inc., joined in by third-party defendants Breon Laboratories, Inc., Winthrop Laboratories and Abbott Laboratories, to dismiss the complaint and third-party complaint, is denied; the cross motions of third-party defendants E. R. Squibb & Sons, Inc., Sobering Corporation, Eli Lilly & Company, Boyle & Company, and Merrell Dow Pharmaceuticals, formerly known as Richardson-Merrell, Inc., to dismiss the complaint and third-party complaint, are denied; the motion of defendant and third-party plaintiff Emons Industries, Inc., to dismiss the complaint is denied; and the cross motion of the Upjohn Company to dismiss the third-party complaint, is denied.
Basis for the motions and cross motions to dismiss the complaint and third-party complaint in this products liability case involving the drug diethylstilbestrol, commonly known as DES, was that the action was barred by the applicable three-year Statute of Limitations. It is conceded that the statute was tolled until the plaintiff reached the age of 18 on March 9, 1978 and would therefore normally expire on March 9, 1981. Prior to the expiration of the three-year period, on March 10, 1980, plaintiff commenced an action in the United States District Court for the Southern District of New York against the defendants herein, on the basis of diversity jurisdiction. On February 9,1981, all the parties to that action executed a stipulation bearing the designation, “Voluntary Dismissal”, which provided that pursuant to rule 41 (subd [a], par [2]) of the Federal Rules of Civil Procedure (US Code, tit 28, Appendix), the action was dismissed without prejudice. The stipulation was “So Ordered” by Judge William C. Conner of the Southern District on February 23, 1981. Thereafter on March 23, 1981, plaintiff commenced the instant action against the same defendants who were named in the Fed *159 eral court action, and defendant Emons Industries, Inc., subsequently commenced a third-party action against the third-party defendants herein. Thus, the instant action was commenced more than three years after March 9, 1978, and it was on this basis that defendant and the third-party defendants sought to dismiss the complaint and third-party complaint.
Plaintiff, while conceding the foregoing time sequence, nevertheless contended that the action was timely commenced in this court because of the provisions of CPLR 205 (subd [a]). That section, in relevant part, provides that if an action is timely commenced and is terminated in any other manner than by a voluntary discontinuance, a new action may be commenced within six months after the termination. Plaintiff argued that despite the designation of the stipulation of discontinuance as a “Voluntary Dismissal”, the termination of the Federal court action was actually involuntary inasmuch as it resulted from a determination by plaintiff that the necessary diversity of citizenship was missing and that the case was going to be dismissed by the Judge on that ground. Accordingly, it was contended that since the instant action was commenced within six months after the termination of the Federal court action, it was saved by CPLR 205 (subd [a]).
In rejecting this argument and dismissing the complaint and third-party action, this court relied upon George v Mt. Sinai Hosp. (47 NY2d 170). In that case, plaintiff made the same argument concerning CPLR 205 (subd [a]) as was made by plaintiff in the instant case. In rejecting it, the court held (p 180) that “where the prior action has been terminated by means of a voluntary discontinuance pursuant to a stipulation which contains no express statement of contrary intent, the statute simply does not authorize a subsequent action, regardless of the actual motives of the parties.” In so holding, the court, in essence, indicated that it was inappropriate to look behind the document terminating the prior action for the reason for the discontinuance, where the document on its face unequivocally indicates that the discontinuance was voluntary. Applying this principle to the instant case, the court found that the document terminating the Federal court action clearly *160 reflected that the discontinuance was voluntary, and it therefore refused to look behind it. It then held that the action was time barred since the six-month grace period provided by CPLR 205 (subd [a]) was inapplicable.
Following the court’s decision of October 27,1982, plaintiff moved before District Judge Conner on November 29, 1982 for an order setting aside and vacating his order of dismissal of February 23,1981. Apparently the third-party defendants herein were not notified that such a motion was being made, and they were not present at the hearing on the motion before Judge Conner. In an order entered on December 1, 1982 Judge Conner granted plaintiff’s motion, ordered that her action against defendant Emons Industries, Inc., be reinstated, and then directed that the action be “involuntarily dismissed” on the court’s own motion due to want of diversity jurisdiction, “as of the date of the original dismissal, February 23, 1981.”
It is on the basis of the foregoing order that plaintiff now seeks renewal and reargument of the court’s decision of October 27, 1982. In opposition to the motion, defendant and third-party defendants argue that Judge Conner’s order of December 1 is a nullity and is not binding upon this court, inasmuch as he was without power to issue such an order which, in effect, rewrote history. In urging such a course upon the court, counsel misapprehend the relationship of the Federal and State court systems. While a Federal court is frequently called upon in diversity cases to interpret New York substantive and procedural law, its holdings in such cases are clearly not binding precedents upon the State courts, no more than a State court’s interpretation of a Federal statute would be binding upon the Federal courts. However, this is a far cry from what counsel are urging here. In the the instant case counsel seek to have this court ignore Judge Conner’s order because it is contrary to law. Even assuming the court had made such a determination, it would be as inappropriate for me to disregard Judge Conner’s order as it would for a Federal Judge to ignore a decision of this court, to which he would otherwise be bound, because he had concluded that the decision was based upon an improper interpretation of State or even Federal law. For example, if a party to a *161 Federal court action were seeking to rely upon the doctrine of res judicata based upon a prior State court decision, it would be clearly improper for the Federal Judge to determine that res judicata was inapplicable because he disagreed with the State court decision.
If in fact Judge Conner lacked authority to issue the December 1 order, the proper remedy for those aggrieved thereby was to apply to him for reargument or to seek to overturn his order in the United States Court of Appeals, either by appeal, or by a writ of prohibition or mandamus. No such review or relief having been obtained, Judge Conner’s order must be presumed by this court to have been lawfully made. Inasmuch as it expressly provides that the Federal court action was involuntarily dismissed as of February 23,1981, plaintiff herein had six months thereafter, pursuant to CPLR 205 (subd [a]), in which to commence the instant action. The action having been instituted on March 23, 1981, it was timely commenced.
The cross motion of defendants Amfre-Grant and Ormont Chemical Co. to dismiss the complaint on the ground that they never manufactured DES, is granted without opposition.