■ STACY KOURKOUMELIS, Appellant, v CURT ARNEL, Respondent. [655 NYS2d 653] —In an action, *inter alia,* to recover damages for the intentional infliction of emotional distress, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Held, J.), dated March 14, 1996, as granted that branch of the defendant's motion which was to dismiss the cause of action sounding in intentional infliction of emotional distress as time barred.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly dismissed the plaintiff's claim to recover damages for the alleged intentional infliction of emotional distress, since she clearly failed to commence the action within the one-year Statute of Limitations period applicable to that claim (*see,* CPLR 215; *Foley v Mobil Chem. Co.,* 214 AD2d 1003; *Weisman v Weisman,* 108 AD2d 853). The plaintiff was not entitled to the six-month extension afforded by CPLR 205 (a) following the dismissal of her similar and timely-commenced Federal action, inasmuch as that action was terminated by voluntary discontinuance pursuant to rule 41 (a) (1) (ii) of the Federal Rules of Civil Procedure (*see,* CPLR 205 (a); *see generally, George v Mt. Sinai Hosp.,* 47 NY2d 170, 180; *Feit v Emons Indus.,* 119 Misc 2d 157; 1 Weinstein-Korn-Miller, NY Civ Prac ¶ 205.06; *cf., Extebank v Finkelstein,* 188 AD2d 513; *Censor v Mead Reins. Corp.,* 176 AD2d 600).

Contrary to the plaintiff's current contention, her claim for tortious interference with her life does not state a cognizable cause of action (*see generally, Foster v Churchill,* 87 NY2d 744; *M.J. & K. Co. v Matthew Bender & Co.,* 220 AD2d 488; *Goldstein v Tabb,* 177 AD2d 470). Sullivan, J. P., Pizzuto, Santucci and Joy, JJ., concur.