Appeals from (1) an order of the Supreme Court, Westchester County (Alan D. Scheinkman, J.), dated July 20, 2015, and (2) a judgment of that court dated August 18, 2015. The order granted the defendant’s motion to dismiss the complaint pursuant to CPLR 3211 (a) (1), (5), and (7). The judgment, upon the order, is in favor of the defendant and against the plaintiff dismissing the complaint.
 

 Ordered that the appeal from the order is dismissed; and it is further,
 

 Ordered that the judgment is affirmed; and it is further,
 

 Ordered that one bill of costs is awarded to the defendant.
 

 The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).
 

 The plaintiff commenced this action to recover damages, inter alia, for professional malpractice against the defendant, an accounting firm that provided auditing services to the plaintiff from 2000 through 2011. Each year, the plaintiff and the defendant entered into an engagement agreement (hereinafter the engagement letter) pursuant to which the defendant performed auditing services for the plaintiff for that year. The last engagement letter between the parties, dated December 19, 2011 (hereinafter the 2011 engagement letter), provided, inter alia, that any claim arising out of services rendered pursuant to that agreement would have to be filed within two years after the issuance of the audit report by the defendant. On May 4, 2012, the defendant issued an audit report to the plaintiff for the year ending December 31, 2011, pursuant to the 2011 engagement letter.
 

 The plaintiff has alleged, inter alia, that the defendant negligently performed the audits it was required to do pursuant to the engagement letters for the years 2009 through 2011; specifically, the plaintiff has alleged that the defendant overstated the plaintiff’s accounts receivable and inventory figures for several years, and failed to adequately verify those figures in light of the plaintiff’s agreements with purchasers of its products.
 

 Prior to commencing this action in the Supreme Court, West-chester County, in 2013, the plaintiff brought an action against the defendant in the Supreme Court, New York County (hereinafter the New York County action) asserting similar contentions. An order dated August 14, 2014, in the New York County action granted the defendant’s motion for summary judgment dismissing that complaint, without prejudice, on the ground that the complaint failed to state a cause of action. The court granted the plaintiff leave to replead in that action.
 

 Thereafter, rather than amending its complaint in the New York County action, on September 8, 2014, the plaintiff commenced this action in the Supreme Court, Westchester County. In a judgment entered January 26, 2015, the Supreme Court, New York County, dismissed the New York County action pursuant to the plaintiff’s voluntary discontinuance of that action without prejudice.
 

 After the dismissal of the New York County action, the defendant moved pursuant to CPLR 3211 (a) for dismissal of the complaint in this action, in Westchester County, alleging, among other things, that the action is barred by the statute of limitations. The Supreme Court granted the defendant’s motion and dismissed the complaint. The plaintiff appeals.
 

 The Supreme Court properly dismissed this action as time-barred (see Zaborowski v Local 74, Serv. Empls. Intl. Union, AFL-CIO, 91 AD3d 768, 768-769 [2012]; Naval v Lehman Coll., 303 AD2d 662, 662 [2003]; Kourkoumelis v Arnel, 238 AD2d 313, 313 [1997]). The plaintiff’s contention that the statute of limitations was extended pursuant to CPLR 205 (a) is without merit, as the time extension provisions of CPLR 205 (a) are inapplicable when, as here, a prior, timely commenced action was terminated by voluntary discontinuance (see Zaborowski v Local 74, Serv. Empls. Intl. Union, AFL-CIO, 91 AD3d at 768-769; Naval v Lehman Coll., 303 AD2d at 662; Kourkoumelis v Arnel, 238 AD2d at 313).
 

 In light of our determination, the plaintiff’s remaining contentions have been rendered academic.
 

 Austin, J.P., Hinds-Radix, Duffy and Connolly, JJ., concur.