Islam v 495 McDonald Ave., LLC (2023 NY Slip Op 02501)

Islam v 495 McDonald Ave., LLC

2023 NY Slip Op 02501

Decided on May 10, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 10, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.

2021-08676
 (Index No. 524897/19)

[*1]Mohammed M. Islam, respondent, 
v
495 McDonald Avenue, LLC, et al., appellants.

Alter & Barbaro, Brooklyn, NY (Do K. Lee and Bernard Mitchell Alter of counsel), for appellants.
Domenick Napoletano, Brooklyn, NY, for respondent.

DECISION & ORDER
In an action, inter alia, for specific performance of a contract for the sale of real property, the defendants appeal from an order of the Supreme Court, Kings County (Richard Velasquez, J.), dated September 30, 2021. The order denied the defendants' motion pursuant to CPLR 3211(a)(5) to dismiss the amended complaint as time-barred and to cancel a notice of pendency filed against the subject property.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion pursuant to CPLR 3211(a)(5) to dismiss the amended complaint as time-barred and to cancel the notice of pendency filed against the subject property is granted.
In January 2001, the plaintiff commenced an action (hereinafter the 2001 action) against the defendant Christopher De Stefano, inter alia, for specific performance of a contract in which the plaintiff agreed to purchase certain real property from De Stefano. The plaintiff simultaneously filed a notice of pendency relating to the subject property. It is undisputed that the notice of pendency was never extended, and thus, it expired by operation of law three years later, in January 2004 (see CPLR 6513). On several occasions over the next few years, the matter was marked off the calendar and then restored to active status upon the plaintiff's motion. The note of issue was filed in 2017.
Meanwhile, in 2015, the subject property was transferred to the defendant 495 McDonald Avenue, LLC (hereinafter McDonald Avenue). In November 2019, the plaintiff commenced this action, naming both De Stefano and McDonald Avenue as defendants. The amended complaint asserted causes of action for specific performance and to recover damages for breach of contract, as alleged in the 2001 action, as well as two causes of action that were dependent on the plaintiff's alleged contractual rights: a fraudulent conveyance cause of action against De Stefano and a quiet title cause of action against McDonald Avenue. Upon commencing this action, the plaintiff filed a new notice of pendency relating to the subject property.
In December 2019, on the day the trial of the 2001 action was to commence, the plaintiff made an oral application in the Supreme Court, "under [CPLR] 3217(b)," for "an order allowing the discontinuance of [the 2001 action] without prejudice." Counsel for De Stefano [*2]opposed the application. The court granted the plaintiff's application "for a discontinuance of the action without prejudice pursuant to CPLR Rule 3217(b)."
In January 2020, the defendants moved in this action pursuant to CPLR 3211(a)(5) to dismiss the amended complaint as time-barred and to cancel the notice of pendency filed in this action. In an order dated September 30, 2021, the Supreme Court denied the defendants' motion, concluding that the plaintiff was entitled to the benefit of the six-month extension of the limitations period following the termination of an action afforded by CPLR 205(a), since the dismissal of the 2001 action "was not a voluntary dismissal." The defendants appeal.
CPLR 205(a) "extends the time to commence an action after the termination of an earlier related action, where both actions involve the same transaction or occurrence or series of transactions or occurrences" (Sokoloff v Schor, 176 AD3d 120, 126). The statute "provides a six-month grace period" where the previous action has been dismissed in "any 'other manner than by a voluntary discontinuance, a failure to obtain personal jurisdiction over the defendant, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits'" (Lubonty v U.S. Bank N.A., 34 NY3d 250, 260, quoting CPLR 205[a]).
In this case, CPLR 205(a) was not available to extend the limitations period beyond the termination of the 2001 action, since that action was terminated by means of a voluntary discontinuance. The plaintiff affirmatively requested the discontinuance, and it was granted at his behest and over his adversary's objection. An action may be voluntarily discontinued either by a stipulation or notice, pursuant to CPLR 3217(a), or by a court order, pursuant to CPLR 3217(b). Contrary to the plaintiff's contention, a discontinuance sought by a plaintiff and effectuated by a court order under CPLR 3217(b) is no less voluntary within the meaning of CPLR 205(a) than a discontinuance effectuated by a stipulation or notice under CPLR 3217(a) (see Ventures Trust 2013-I-H-R v Chitbahal, 167 AD3d 682; EB Brands Holdings, Inc. v McGladrey, LLP, 154 AD3d 646). To the extent that the decision of the Appellate Division, First Department, in Censor v Mead Reinsurance Corp. (176 AD2d 600) supports a contrary conclusion, we decline to follow it.
In light of our determination, we need not reach the defendants' remaining contention.
The plaintiff's remaining contention is without merit (see State of Rio De Janeiro v Rollins & Sons, Inc., 299 NY 363, 366-367).
Accordingly, the Supreme Court should have granted the defendants' motion pursuant to CPLR 3211(a)(5) to dismiss the amended complaint as time-barred and to cancel the notice of pendency.
CONNOLLY, J.P., MILLER, ZAYAS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court