Castillo v Suffolk Paving Corp. (2024 NY Slip Op 04239)

Castillo v Suffolk Paving Corp.

2024 NY Slip Op 04239

Decided on August 21, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 21, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER
JANICE A. TAYLOR, JJ.

2023-08564
 (Index No. 610558/20)

[*1]Jose Vega Castillo, respondent, 
v
Suffolk Paving Corp., et al., appellants.

Zabell & Collotta, P.C., Bohemia, NY (Ryan M. Eden of counsel), for appellants.
Ian Wallace (Bergstein & Ullrich, New Paltz, NY [Stephen Bergstein], of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for violations of Labor Law articles 6 and 19, the defendants appeal from an order of the Supreme Court, Suffolk County (James F. Quinn, J.), dated April 7, 2023. The order, insofar as appealed from, denied that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the complaint is granted.
The plaintiff was formerly employed by the defendants Suffolk Paving Corp. (hereinafter Suffolk Paving) and Suffolk Asphalt Corp. (hereinafter Suffolk Asphalt). In December 2009, the plaintiff and other former employees commenced an action in the United States District Court for the Eastern District of New York (hereinafter the federal action) against Suffolk Paving and Suffolk Asphalt, as well as its owners, the defendants Louis Vecchia, Christopher Vecchia, and Helene Vecchia, alleging, inter alia, violations of the Fair Labor Standards Act (29 USC § 201 et. seq.) and the Labor Law. In April 2019, the plaintiff submitted an application to "voluntarily dismiss" his claims in the federal action. In an order dated November 26, 2019, the court granted the plaintiff's application and, in effect, dismissed the plaintiff's claims pursuant to Federal Rules of Civil Procedure rule 41(a)(2).
On August 13, 2020, the plaintiff commenced this action against the defendants, alleging, inter alia, violations of Labor Law articles 6 and 19. The defendants moved, among other things, pursuant to CPLR 3211(a) to dismiss the complaint on the ground, inter alia, that it was time-barred. In an order dated April 7, 2023, the Supreme Court, among other things, denied that branch of the defendants' motion. The defendants appeal.
"CPLR 205(a) extends the time to commence an action after the termination of an earlier related action, where both actions involve the same transaction or occurrence or series of transactions or occurrences" (Sokoloff v Schor, 176 AD3d 120, 126). However, the six-month grace period provided under CPLR 205(a) is not available where the previous action has been terminated by "a voluntary discontinuance, a failure to obtain personal jurisdiction over the defendant, a [*2]dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits" (see Lubonty v U.S. Bank N.A., 34 NY3d 250, 260).
Here, CPLR 205(a) was not applicable to this action, since the similar and timely commenced federal action was terminated by means of a voluntary discontinuance. A discontinuance effectuated pursuant to either CPLR 3217(a) or (b) constitutes a voluntary discontinuance for purposes of CPLR 205(a) (see Islam v 495 McDonald Ave., LLC, 216 AD3d 751, 753). Pursuant to a similar provision in the Federal Rules of Civil Procedure, an action may be voluntarily dismissed either by a stipulation or notice, pursuant to Federal Rules of Civil Procedure rule 41(a)(1), or by a court order, pursuant to Federal Rules of Civil Procedure rule 41(a)(2). Thus, since the discontinuance here was affirmatively requested by the plaintiff and was granted pursuant to Federal Rules of Civil Procedure rule 41(a)(2), CPLR 205(a) was not available to extend the limitations period beyond the termination of the federal action (see Islam v 495 McDonald Ave., LLC, 216 AD3d at 753; Ventures Trust 2013-I-H-R v Chitbahal, 167 AD3d 682, 684).
Accordingly, the Supreme Court should have granted that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the complaint.
In light of our determination, we need not reach the defendants' remaining contention.
CONNOLLY, J.P., BRATHWAITE NELSON, CHRISTOPHER and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court