Pergament v 1210 Troy Schenectady Rd., LLC (2024 NY Slip Op 04790)

Pergament v 1210 Troy Schenectady Rd., LLC

2024 NY Slip Op 04790

Decided on October 2, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 2, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
BARRY E. WARHIT
CARL J. LANDICINO, JJ.

2020-07148
 (Index No. 618769/19)

[*1]Marc A. Pergament, etc., respondent,
v
1210 Troy Schenectady Road, LLC, et al., appellants, et al., defendant.

Rivkin Radler LLP, Uniondale, NY (Henry M. Mascia and Cheryl F. Korman of counsel), for appellants 1210 Troy Schenectady Road, LLC, and Richard G. Rosetti, LLC.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York, NY (Patrick J. Lawless, George N. Tompkins III, and Judy C. Selmeci of counsel), for appellant Starbucks Corporation.
Lipsig, Shapey, Manus & Moverman, P.C. (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac, Christopher J. Soverow, and Jillian Rosen], of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants 1210 Troy Schenectady Road, LLC, and Richard G. Rosetti, LLC, appeal, and the defendant Starbucks Corporation separately appeals, from an order of the Supreme Court, Suffolk County (Sanford Neil Berland, J.), dated August 26, 2020. The order denied the separate motions of the defendants 1210 Troy Schenectady Road, LLC, and Richard G. Rosetti, LLC, and the defendant Starbucks Corporation pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against each of them as barred by the statute of limitations.
ORDERED that the order is affirmed, with one bill of costs payable by the appellants appearing separately and filing separate briefs.
Certain facts relevant to this case are set forth in our decision and order on related appeals (Gaetano v 1210 Troy Schenectady Rd., LLC, ____ AD3d _____ [decided herewith]).
The defendants 1210 Troy Schenectady Road, LLC, and Richard G. Rosetti, LLC, and the defendant Starbucks Corporation (hereinafter collectively the appellants) separately moved pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against each of them as barred by the statute of limitations. In an order dated August 26, 2020, the Supreme Court denied the motions.
Here, the instant action was commenced more than three years after the alleged injuries occurred, after a prior action which was timely commenced was voluntarily discontinued. The appellants contend that CPLR 205(a) did not provide a six-month grace period within which to [*2]commence a new action because the prior action was voluntarily discontinued (see EB Brands Holdings, Inc. v McGladrey, LLP, 154 AD3d 646), and a so-ordered stipulation discontinuing the prior action did not specify that the discontinuance was "without prejudice to its reinstitution upon the occurrence of a specified future event" (Matter of Baird, Patrick & Co. v Epstein, 244 AD2d 155, 155; see George v Mt. Sinai Hosp., 47 NY2d 170).
However, on the related appeals, this Court is affirming the vacatur of the stipulation of discontinuance (see Gaetano v 1210 Troy Schenectady Rd., LLC,____AD3d____). Accordingly, the appellants' arguments are no longer valid. There is no basis in this record to disturb the order appealed from.
BARROS, J.P., MALTESE, WARHIT and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court