Deutsche Bank Natl. Trust Co. v Cahn
2026 NY Slip Op 02965
May 13, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Deutsche Bank National Trust Company, etc., respondent,
v
Daniel Cahn, etc., et al., appellants, et al., defendants.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on May 13, 2026
2024-05964, (Index No. 622725/23)
Francesca E. Connolly, J.P.
Paul Wooten
Janice A. Taylor
Carl J. Landicino, JJ.

Law Offices of Cahn & Cahn, P.C., Melville, NY (Daniel K. Cahn, named herein as Daniel Cahn, pro se of counsel), for appellants.
McCalla Raymer Leibert Pierce, LLC, New York, NY (Harold L. Kofman of counsel), for respondent.

[*1]
DECISION & ORDER
In an action to foreclose a mortgage, the defendants Daniel Cahn and Randi Cahn appeal from an order of the Supreme Court, Suffolk County (S. Betsy Heckman Torres, J.), dated March 21, 2024. The order, insofar as appealed from, denied that branch of those defendants' motion which was pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against them.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendants Daniel Cahn and Randi Cahn which was pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against them is granted.
On March 14, 2006, the defendant Daniel Cahn executed a note in the principal sum of $432,000 in favor of HSBC Mortgage Corporation (hereinafter HSBC). The note was secured by a mortgage on certain real property located in Greenlawn, which was given by Daniel Cahn, along with the defendant Randi Cahn, in favor of Mortgage Electronic Registration Systems, Inc., as nominee for HSBC.
On April 8, 2015, the plaintiff commenced an action against Daniel Cahn and Randi Cahn (hereinafter together the Cahn defendants), among others, to foreclose the mortgage (hereinafter the first foreclosure action). In an order dated March 22, 2023 (hereinafter the dismissal order), the Supreme Court, inter alia, granted the Cahn defendants' cross-motion to dismiss the complaint in the first foreclosure action insofar as asserted against them based on the plaintiff's failure to comply with RPAPL 1304 (see Deutsche Bank National Trust Company v Cahn, ___ AD3d ___ [Docket Nos. 2024-01338, 2024-01339; decided herewith]). In August 2023, the plaintiff moved, among other things, pursuant to CPLR 3217(b) for leave to discontinue the first foreclosure action insofar as asserted against the Cahn defendants without prejudice (see Deutsche Bank National Trust Company v Cahn, ___ AD3d ___ [Docket Nos. 2024-01338, 2024-01339; decided herewith]).
While that motion was pending, on September 13, 2023, the plaintiff commenced this [*2]action against the Cahn defendants, among others, to foreclose the mortgage.
In two orders, both dated November 6, 2023, the Supreme Court, inter alia, granted that branch of the plaintiff's motion which was pursuant to CPLR 3217(b) for leave to discontinue the first foreclosure action insofar as asserted against the Cahn defendants without prejudice (see Deutsche Bank National Trust Company v Cahn, ___ AD3d ___ [Docket Nos. 2024-01338, 2024-01339; decided herewith]). The Cahn defendants appealed from those two orders (see id.). In the related appeals, we reversed the first order dated November 6, 2023, and the second order dated November 6, 2023, insofar as appealed from, holding that the court should not have granted that branch of the plaintiff's motion which pursuant to CPLR 3217(b) for leave to discontinue the first foreclosure action insofar as asserted against the Cahn defendants without prejudice because the first foreclosure action had already been discontinued insofar as asserted against them pursuant to RPAPL 1301(3) (see Deutsche Bank National Trust Company v Cahn, ___ AD3d ___ [Docket Nos. 2024-01338, 2024-01339; decided herewith]).
Meanwhile, on November 6, 2023, the Cahn defendants moved, among other things, pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against them as time-barred. The plaintiff opposed the Cahn defendants' motion, contending, inter alia, that this action was timely under CPLR 205(a) or 205-a.
In an order dated March 21, 2024, the Supreme Court, among other things, denied that branch of the Cahn defendants' motion which was pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against them as time-barred. The court held that the Cahn defendants failed to establish, prima facie, that this action was untimely because the Cahn defendants had not submitted a copy of the complaint in the first foreclosure action showing when that action was commenced or that the complaint in the first foreclosure action contained a demand for the full principal balance of the mortgage debt. The court further held that, in any event, the plaintiff established that this action was timely commenced pursuant to the savings provision of CPLR 205-a. The Cahn defendants appeal.
An action to foreclose a mortgage is subject to a six-year statute of limitations (see CPLR 213[4]; Bank of N.Y. Mellon Trust Co. v Kyung Lee, 242 AD3d 1163, 1164). "[E]ven if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt" (Nationstar Mtge., LLC v Weisblum, 143 AD3d 866, 867 [internal quotation marks omitted]; see Bank of N.Y. Mellon Trust Co. v Kyung Lee, 242 AD3d at 1164; EMC Mtge. Corp. v Patella, 279 AD2d 604, 605). "Acceleration occurs, inter alia, by the commencement of a foreclosure action wherein the plaintiff elects in the complaint to call due the entire amount secured by the mortgage" (UMB Bank, N.A. v Janvier, 242 AD3d 796, 797 [internal quotation marks omitted]; see Bank of N.Y. Mellon Trust Co. v Kyung Lee, 242 AD3d at 1164).
"On a motion to dismiss a complaint pursuant to CPLR 3211(a)(5) on the ground that the statute of limitations has expired, the moving defendant must establish, prima facie, that the time in which to commence the action has expired" (Kravets v Striano, 229 AD3d 613, 613 [internal quotation marks omitted]; see Bank of N.Y. Mellon Trust Co. v Kyung Lee, 242 AD3d at 1164). "The burden then shifts to the plaintiff to raise a question of fact as to whether the statute of limitations is tolled or is otherwise inapplicable, or whether the action was actually commenced within the applicable limitations period" (St. Hillaire v Torres, 229 AD3d 476, 477 [internal quotation marks omitted]; see Bank of N.Y. Mellon Trust Co. v Kyung Lee, 242 AD3d at 1164).
Initially, as the Cahn defendants correctly contend, under the circumstances of this case, the Supreme Court should have considered the complaint in the first foreclosure action. In their motion papers, the Cahn defendants provided a hyperlink to the electronically filed complaint in the first foreclosure action along with its electronic docket number, and the plaintiff did not dispute the authenticity of the complaint in the first foreclosure action or that the complaint in the first foreclosure action accelerated the mortgage debt (see generally Fulcher v Empire State Grand Council Ancient & Accepted Scottish Rite Masons, Inc., 222 AD3d 721; Nationstar Mtge., LLC v [*3]Bailey, 175 AD3d 697, 698; Caffrey v North Arrow Abstract & Settlement Servs., Inc., 160 AD3d 121, 126; cf. U.S. Bank N.A. v Marrero, 221 AD3d 631, 632; Wells Fargo Bank, N.A. v Lefkowitz, 171 AD3d 843, 844). Under the particular circumstances of this case, we take judicial notice that the complaint in the first foreclosure action, which is contained in the record in related appeals, calendared together with these appeals, accelerated the mortgage debt (see Deutsche Bank National Trust Company v Cahn, ___ AD3d ___ [Docket Nos. 2024-01338, 2024-01339; decided herewith]; see also Caffrey v North Arrow Abstract & Settlement Servs., Inc., 160 AD3d at 126; Ptasznik v Schultz, 247 AD2d 197, 199).
The complaint in the first foreclosure action established that the mortgage debt was accelerated on April 8, 2015, and the six-year statute of limitations began to run on that date (see CPLR 213[4]; U.S. Bank N.A. v Ford, 208 AD3d 1199, 1201). Accordingly, the Cahn defendants established, prima facie, that this action, commenced more than six years later, on September 13, 2023, was untimely (see Bank of N.Y. Mellon Trust Co. v Kyung Lee, 242 AD3d at 1164).
Nevertheless, the plaintiff contends that this action was timely commenced pursuant to CPLR 205(a) or 205-a. The Foreclosure Abuse Prevention Act (L 2022, ch 821 [eff Dec. 30, 2022]) replaced the savings provision of CPLR 205(a) with CPLR 205-a in actions, such as this one, upon instruments described in CPLR 213(4) (see Raymond James Bank v Guzzetti, 240 AD3d 631, 633). Under CPLR 205-a(a), "[i]f an action upon an instrument described under [CPLR 213(4)] is timely commenced and is terminated in any manner other than[, among other things,] a voluntary discontinuance, . . . the original plaintiff . . . may commence a new action upon the same transaction or occurrence or series of transactions or occurrences within six months following the termination" (see Raymond James Bank v Guzzetti, 240 AD3d at 633).
Although the dismissal order granted the Cahn defendants' cross-motion to dismiss the complaint in the first foreclosure action insofar as asserted against them due to the plaintiff's failure to comply with RPAPL 1304 and a dismissal for failure to comply with RPAPL 1304 is neither a voluntary discontinuance nor a judgment on the merits for the purposes of CPLR 205-a (see Deutsche Bank National Trust Co. v Zak, 235 AD3d 839, 842; Wilmington Sav. Fund Socy., FSB v Milne, 234 AD3d 512, 513), the plaintiff subsequently moved pursuant to CPLR 3217(b) for leave to discontinue the first foreclosure action against all the defendants therein, including the Cahn defendants (see Deutsche Bank National Trust Company v Cahn, ___ AD3d ___ [Docket Nos. 2024-01338, 2024-01339; decided herewith]). The orders dated November 6, 2023, upon the plaintiff's motion, effectuated a voluntary discontinuance of the first foreclosure action (see Raymond James Bank v Guzzetti, 240 AD3d at 632-633; Islam v 495 McDonald Ave., LLC, 216 AD3d 751, 752; EB Brands Holdings, Inc. v McGladrey, LLP, 154 AD3d 646, 647). Although this Court is reversing the first order dated November 6, 2023, and so much of the second order dated November 6, 2023, as granted that branch of the plaintiff's motion which was pursuant to CPLR 3217(b) for leave to discontinue the first foreclosure action insofar as asserted against the Cahn defendants without prejudice (see Deutsche Bank National Trust Company v Cahn, ___ AD3d ___ [Docket Nos. 2024-01338, 2024-01339; decided herewith]), by moving, among other things, for leave to discontinue the first foreclosure action insofar as asserted against the Cahn defendants without prejudice, failing to withdraw that motion, obtaining orders granting leave to discontinue, and, indeed, advocating for the affirmance of those orders on appeal (see id.), the plaintiff effectively waived its right to take advantage of the six-month savings provision in CPLR 205-a (see generally Raymond James Bank v Guzzetti, 240 AD3d at 632-633; U.S. Bank N.A. v Ambroise, 189 AD3d 1299, 1300; U.S. Bank N.A. v McCaffery, 186 AD3d 897, 899; Onewest Bank, FSB v McKay, 172 AD3d 887, 888).
The Cahn defendants' remaining contentions either are without merit or need not be reached in light of our determination.
Accordingly, the Supreme Court should have granted that branch of the Cahn defendants' motion which was pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against them.
CONNOLLY, J.P., WOOTEN, TAYLOR and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court